## Jolly Estate

*Mark T. Milnor*, for accountants.

*Warren G. Morgan*, guardian ad litem for James Russell Jolly, p. p.

SWOPE, P. J., February 28, 1961.—Alfred R. Jolly died testate on October 23, 1959. By his will dated January 9, 1944, and duly admitted to probate, decedent gave his entire estate to his widow, Margaret H. Jolly. Subsequent to the making of his will, a child, James Russell Jolly was born to decedent and his wife,

on December 12, 1946. Letters testamentary were duly granted to the widow. When the account of the executrix was called for audit, the sole asset for distribution was an item of realty, located in the City of Harrisburg.

Petition for distribution made no suggestion of distribution, but requested, instead, that this court determine preliminarily whether the son, James Russell Jolly, who was born subsequent to the making of the will, was entitled to any interest in the estate, in light of the provisions of section 7(4) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.7(4). Consequently, the hearing of the account was continued, pending a determination of the issue. A guardian ad litem was appointed by the court to represent the interests of the after-born minor child of decedent. Argument was had, and the question is now ripe for decision.

Initially, there is no question that the provisions of section 7(4) of the Wills Act of April 24, 1947, apply. Alfred R. Jolly died on October 23, 1959. Section 22 of the Wills Act of April 24, 1947, provides:

"Section 22. Effective date—This act shall take effect on the first day of January, one thousand nine hundred forty-eight, and shall apply only to the wills of all persons dying on or after that day. As to the wills of persons dying before that day, the existing law shall remain in full force and effect."

Section 7(4) of the Wills Act of April 24, 1947, which, therefore, will be determinative of the question at hand, provides:

"(4) Birth or Adoption. If the testator fails to provide in his will for his child born or adopted after making his will unless it appears from the will that the failure was intentional, such child shall receive out of the testator's property not passing to a surviving

spouse, such share as he would have received if the testator had died unmarried and intestate owning only that portion of his estate not passing to a surviving spouse."

In Frank Estate, 67 D. & C. 198 (1949), the court was called upon to determine the effect of an after-born child on the will of his parent in light of the same statutory provisions involved herein. In that case, not finding that the failure to provide for the after-born child was intentional on the part of the testator, the court permitted such child to share in the estate. The court, however, did not permit any invasion of that portion of the estate which passed to the surviving spouse as residuary legatee. In imposing this restriction, the court said, at page 200:

". . . Instead of receiving an intestate share of the entire estate, the after-born child is now limited to a share of testator's property not passing to a surviving spouse. In the instant case, the only property not passing to the widow is the sum of $300 bequeathed to testator's son by a former marriage. Accordingly, the net effect of the statutory modification is to reduce his legacy to the sum of $150 and to provide for the after-born child to the extent of the remaining $150, thus leaving the widow's share of the estate undisturbed."

In Fownes Estate, 82 D. & C. 518 (1952), while the court again found that testator's failure to provide for his after-born child was not intentional and that such child would, therefore, be entitled to share in the estate, the same restriction against any invasion of the property passing to the surviving spouse was imposed. See page 520, where the court said in this regard:

"It is the plain intent of this section of the Wills Act of 1947 to prevent an afterborn child from participating in the distribution of any property which passes by will to the surviving spouse of testator."

We find ourselves in complete agreement with the opinions cited with regard to the current prohibition against allowance of any invasion by an after-born child into any portion of the estate of its deceased parent passing by will to the surviving spouse.

In the instant case, since the surviving spouse is also the sole beneficiary under the will of Alfred R. Jolly, it becomes unnecessary to determine, as ordinarily, whether testator's failure to provide for his after-born child was intentional or not, since, in any event, there is nothing left of the estate beyond the surviving spouse's portion, in which the child could participate.

The accountant is directed, therefore, to prepare the suggested schedule of distribution awarding the entire net estate to Margaret H. Jolly, surviving spouse and sole beneficiary under the will.